IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| **WILLIAM COLLINS** | : | |
| 1301 East Avenue | : | |
| Eaton, OH 45320 | : | |
| | : | |
| and | : | |
| | : | |
| **EVA COLLINS** | : | |
| 1301 East Avenue | : | **Case No.** |
| Eaton, OH 45320 | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Judge** |
| v. | : | |
| | : | |
| **THE STABLE BAR, LLC** | : | |
| Serve Statutory Agent: | : | **Jury Demand Endorsed Hereon** |
| Yoshiko Gellette | : | |
| 117 E. Main St. | : | |
| Eaton, OH 45320 | : | |
| | : | |
| and | : | |
| | : | |
| **JELL'S SPORTS GRILL, LLC** | : | |
| Serve Statutory Agent: | : | |
| Yoshiko Gellette | : | |
| 117 E. Main St. | : | |
| Eaton, OH 45320 | : | |
| | : | |
| and | : | |
| | : | |
| **YOSHIKO GELLETTE** | : | |
| 117 E. Main St. | : | |
| Eaton, OH 45320 | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## **COMPLAINT**

NOW COMES Plaintiffs William Collins and Eva Collins ("Plaintiffs") and proffer this

Complaint for damages against Defendant The Stable Bar, LLC ("Defendant Stable Bar"),

Defendant Jell's Sports Grill, LLC ("Defendant Jell's"), and Defendant Yoshiko Gellette ("Defendant Gellette") (collectively, "Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiffs' claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because Plaintiffs entered into an employment relationship with Defendants in the Southern District of Ohio and performed their job duties there and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Williams Collins is an individual, a United States citizen, and a resident of the state of Ohio.

6. Plaintiff Eva Collins is an individual, a United States citizen, and a resident of the state of Ohio.

7. At all times relevant herein, the Plaintiffs were "employees" of Defendants as that term is defined in the FLSA and O.R.C. Chapter 4111.

8. Defendant Stable Bar is an Ohio limited liability company doing business in the Southern District of Ohio.

9. Defendant Jell's is an Ohio limited liability company doing business in the Southern District of Ohio.

10. Defendant Gellette is an individual, a United States citizen, and a resident of the state of Ohio.

11. At all times relevant to this action, Defendant Gellette was the sole owner of both Defendant Stable Bar and Defendant Jell's.

12. At all times relevant to this action, Defendant Gellette exercised significant operational control over issues such as hiring, firing, rates of pay, and hours worked for employees of Defendant Stable Bar and Defendant Jell's.

13. At all times relevant herein, Defendants were all covered "employers" as that term is defined in the FLSA and O.R.C. Chapter 4111.

14. At all times relevant to this action, Defendants were engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

15. Plaintiffs began working for Defendant Gellette and Defendant Stable Bar on or around December 2016.

16. Plaintiff William Collins worked as a manager of Defendant Stable Bar.

17. Plaintiff William Collins generally worked each day at Defendant Stable Bar during the hours in which the bar was open, plus a significant amount of time during the bar's non-operating hours. Plaintiff William Collins typically worked fifty (50) hours per week.

18. Plaintiff William Collins also worked as a manager at Defendant Jell's during the months of February and March 2017. At Defendant Jell's, Plaintiff William Collins worked approximately twenty hours per week during the weeks he worked.

19. Plaintiff Eva Collins worked as a bartender/server during her employment at Defendant Stable. Plaintiff Eva Collins typically worked during Defendant Stable's operating hours each day. Plaintiff Eva Collins also often worked during Defendant Stable's non-operating hours, performing such tasks as meeting with vendors or conducting paperwork.

20. During her employment, Plaintiff Eva Collins consistently worked, at a minimum, forty (40) hours per week.

21. Defendants never compensated Plaintiff William Collins for the hours he worked. Plaintiff William Collins worked for Defendants until January 2018.

22. Beginning in or around May 2017, Defendant Gellette and Defendant Stable never compensated Plaintiff Eva Collins for the hours she worked. Plaintiff Eva Collins worked for Defendants Gellette and Stable Bar until January 2018.

### FIRST CAUSE OF ACTION
### FLSA, 29 U.S.C. §201, *et seq*. -
### Failure to Pay Minimum Wage and Overtime

23. All of the preceding paragraphs are realleged as if fully rewritten herein.

24. Plaintiff Will Collins was not paid the federal minimum wage for the hours he worked for the Defendants.

25. Plaintiff Eva Collins was not paid the federal minimum wage for the hours she worked for the Defendants after May 2017.

26. Plaintiffs were not paid an overtime premium for all hours worked over forty in a work week for Defendants.

4

27. Defendants were aware that Plaintiffs were working significantly more than 40 hours per week, but was not receiving overtime compensation for hours worked in excess of 40 per week.

28. Defendants knew or should have known they were required to pay Plaintiffs federal minimum wage and overtime pay.

29. Accordingly, Plaintiffs were forced to work for Defendants since December 2016 without receiving federal minimum wage and overtime premiums. As a result, Plaintiffs have been damaged.

## SECOND CAUSE OF ACTION
### OMFWSA R.C. 4111, *et seq*. -
### Failure to Pay Minimum Wage and Overtime

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. This claim is brought under Ohio Law.

32. Defendants' repeated and knowing failure to pay Plaintiffs Ohio minimum wage and overtime wages for hours worked in excess of forty (40) per week, was a violation of Sections 4111.02 and 4111.03 of the Ohio Revised Code.

33. For the Defendants' violations of O.R.C. 4111.02 and 4111.03, Plaintiffs are entitled to recover unpaid wages, interest, attorney's fees, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek an award against Defendants in an amount equal to the liability, losses, damages, liquidated damages, punitive damages, attorney's fees, costs, expenses and any other amounts available under the law incurred by Plaintiff for Defendants' violations.

5

Respectfully submitted,

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)
Brian G. Greivenkamp (0095918)
**GIBSON LAW, LLC**
9200 Montgomery Rd., Suite 11A
Cincinnati, OH 45242
(*brad@gibsonemploymentlaw.com*)
(*brian@gibsonemploymentlaw.com*)
Ph:  (513) 834-8254

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Bradley L. Gibson
Bradley L. Gibson (0085196)